T.C. Summary Opinion 2001-110

UNITED STATES TAX COURT

JEFFREY D. AND BONITA L. WOODLEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10897-98S.                    Filed July 25, 2001.

Jeffrey D. and Bonita L. Woodlee, pro se.

<u>Ronald T. Jordan</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for 1994.  Rule references are to the Tax
Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $7,615 in petitioners' 1994 Federal income tax. The issue for decision is whether petitioners are entitled to a deduction for certain accrued but unpaid business expenses.

Background

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely joint 1994 Federal income tax return which was prepared by a professional income tax return preparer. At the time that the petition was filed, they resided in Beech Grove, Indiana. References to petitioner are to Jeffrey D. Woodlee.

During 1994, petitioner was the sole proprietor of Specialty Insulators (Specialty), a business engaged in the installation of insulation in commercial and residential buildings. Business income was deposited into, and business expenses were paid from, a separate checking account maintained by petitioner for such purposes.

Included with petitioners' 1994 return is a Schedule C, Profit or Loss From Business, on which the income and deductions attributable to Specialty are reported as follows:

| | |
|---|---:|
| Gross income | $136,871 |
| Car and truck expenses | 13,847 |
| Depreciation/sec. 179 expense deduction | 1,031 |
| Insurance | 719 |
| Office expense | 5,950 |
| Rent/lease | 828 |
| Supplies | 110,775 |
| Taxes/licenses | 2,500 |
| Total expenses | 135,650 |
| Net Profit | 1,221 |

According to the Schedule C, the above items were reported in accordance with the cash method of accounting. The Schedule C further suggests that petitioner "started or acquired this business" before 1994.

Although petitioners claimed a $110,775 deduction for supplies in 1994, only $81,449 of that amount had been paid as of the close of that year. The balance, $29,326, was paid in installments made during later years.

In the notice of deficiency, respondent disallowed that portion of the deduction for supplies that represented unpaid expenses. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

In general, under the cash method of accounting, income is recognized in the year of actual or constructive receipt, and expenses are deductible in the year of actual payment. Sec. 1.446-1(c)(1)(i), Income Tax Regs. Respondent, pointing to the

block checked on the Schedule C indicating that the cash method of accounting was used to compute the items of income and deductions reported thereon, argues that petitioners' 1994 deduction for supplies is limited to the amount paid for such expenses by the close of that year. Petitioners, however, claim that, for 1994, petitioner's business was on the accrual method of accounting, under which the deduction for supplies would be allowed as claimed on their 1994 return. See sec. 1.446-1(c)(1)(ii), Income Tax Regs.

We disagree with petitioners' claim that petitioner's business was on the accrual method of accounting for 1994. The claim is inconsistent with the express representation made on the Schedule C and inconsistent with petitioner's testimony that his "checkbook was * * * [his] bookkeeper". Furthermore, there is nothing in the record that suggests that other deductions were computed on the accrual method of accounting, and it is clear that the income reported on the Schedule C was not. "[A] taxpayer who uses the cash method of accounting in computing gross income from his trade or business shall use the cash method in computing expenses of such trade or business." Sec. 1.446-1(c)(1)(iv)(a), Income Tax Regs.

In accordance with the cash method of accounting, petitioners are entitled to a deduction for supplies only to the extent that such expenses were paid during 1994. Respondent's

determination in this regard is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and the agreement of the parties with respect to other items,

<u>Decision will be entered under Rule 155</u>.